[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO CITE IN PARTY DEFENDANTS
The plaintiffs instituted the present action seeking to recover damages for personal injuries claimed to have been sustained as a result of a motor vehicle accident. The defendant has now moved, pursuant to General Statutes 52-102, to cite in additional defendants and sets forth in her motion specific claims of negligence on the part of the corporations sought to be made parties. The plaintiffs have objected to the motion asserting, correctly, that the statute of limitations has expired and, therefore, the claims against the corporations sought to be made parties are barred on the ground that General Statutes 52-102
provides that "no person who is immune from liability shall be made a defendant in the controversy".
The defendants seek to cite in additional parties in accordance with the legislative policy that parties found to be liable are only liable for their proportionate share of recoverable damages pursuant to Tort Reform II. See General Statutes 52-572h. The applicable statute of limitations, General Statutes 52-584, provides that: "No action to recover damages for injury" shall be brought but within the statutory period therein set forth. However, in the present action the defendant, does not seek to impose monetary damages upon additional parties but merely asserts a claim for the assessment her own proportionate share of recoverable damages. Therefore the statute of limitation would not constitute a defense to such a claim. Kennedy v. Martinez,7 Conn. L. Rptr. 354 (1992) (Rush, J.)
General Statutes 52-102 provides that no person "who is immune from liability" shall be made a defendant. The word immunity generally imports the concept of an "exemption" from CT Page 2649 liability. See Webster's New International Dictionary (Unabridged) (2d Ed. 1957). The fact that a claim may be barred by the application of a statute of limitations cannot be regarded as an exemption from liability.
Accordingly, the motion of the defendants to cite in additional parties is hereby granted.
RUSH, J.